IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JESSIE FISHER,** *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )    **CIVIL ACTION 03-0566-WS-B** |
| | ) |
| **CIBA SPECIALTY CHEMICALS CORP.,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

      This matter is before the Court on Defendants' Motion in Limine to Exclude Evidence of Tests, Samples or Studies Relating to Contamination of Fish and Water (doc. 320).  This action is set for a Class Certification Hearing before the undersigned on April 25 and 26, 2006.  In their Motion, defendants ask the Court to exclude any and all "expert opinion and fact testimony or any other evidence of contamination or abnormality of fish and water in the Tombigbee River and its tributaries ..., including tests, samples, studies and surveys." (Motion, at 1.)  Defendants maintain that such evidence is irrelevant and would not assist the trier of fact.  Because no trial date has been set in this action and given the impending Class Certification Hearing dates, the Court can only assume that defendants' Motion is intended to exclude such evidence from that Hearing.

      After due consideration, the undersigned finds that the Motion is not well-taken for four reasons.  First, the Motion is premature.  Plaintiffs' class certification motion and supporting materials have not been filed and are not due until March 24, 2006.  Nothing before the undersigned suggests that plaintiffs intend to premise their class certification motion on evidence of contaminated fish and water in the Tombigbee River.[1]  It would be an unwise and inefficient

---

[1] To be sure, defendants' Motion includes two exhibits.  The first exhibit is a deposition excerpt, as to which the highlighted text is illegible.  The second exhibit is a 28 page document consisting of plaintiff Ronald McIntyre's Answers to Interrogatories.  It is unclear how this exhibit lends support to defendants' Motion.  Defendants also cite to the deposition transcript of Dr. Philip Bedient, but fail to submit the referenced pages as exhibits.

use of both the Court's and the litigants' time to entertain briefing and argument regarding attempts to exclude evidence that plaintiffs have not announced an intention to introduce at the Class Certification Hearing.  Second, it is fundamentally plaintiffs' responsibility to determine what evidence they believe will support their efforts to make a suitable Rule 23 showing at the Class Certification Hearing.  If plaintiffs believe that the subject evidence of water and fish contamination in the Tombigbee River helps them in establishing the Rule 23 factors as to the class claims they have pleaded herein, and if they wish to devote scarce hearing time on April 25 and 26 to presenting such evidence, this Court will not micromanage plaintiffs' evidence, dictate to them a specific theory for relief, or tell them how to go about presenting their Rule 23 arguments.[2]  Third, defendants do not suggest that they will be prejudiced in any respect by the introduction of such evidence, nor could they credibly so argue given that the Class Certification Hearing will be held before the undersigned, not a jury.  Fourth, although couched as a motion in limine, the Motion reads like a motion seeking summary judgment on any "fish class" claims that plaintiffs might wish to pursue.  This Court will not force plaintiffs to present all of their evidence as to a particular legal theory in advance of the Class Certification Hearing to persuade the undersigned that there is sufficient evidence to support the viability of that theory that they ought to be permitted to argue that theory at the hearing.

     The Motion in Limine is **denied**.

     **DONE** and **ORDERED** this 8th day of March, 2006.

                                        s/ WILLIAM H. STEELE
                                        UNITED STATES DISTRICT JUDGE

---

[2] That said, the Court emphasizes that plaintiffs' evidentiary submission at the Class Certification Hearing should be focused on making the requisite Rule 23 showing within the parameters of the class claims they have articulated in the pleadings.  In that regard, all parties herein would be well-served by winnowing extraneous, less relevant, or solely merits-related evidence from their briefs, exhibits, and witness testimony pertaining to the class certification issue.  All parties are expected to be able to link all evidence they might submit to the Rule 23 considerations that guide the Court in ruling on the impending motion for class certification.