IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSIE FISHER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 03-0566-WS-B |
| ) | |
| CIBA SPECIALTY CHEMICALS CORP., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on a phalanx of four overlapping defense motions to exclude the testimony, reports and opinions of various expert witnesses retained by plaintiffs. In particular, the pending motions include defendants' Motion to Exclude Testimony or Opinions of Dr. Philip B. Bedient from Class Certification Proceedings (doc. 324); defendants' Motion to Strike or Exclude Expert Report, Testimony and Opinions of Plaintiffs' Expert Theodore M. Farber (doc. 325); defendants' Motion to Strike or Exclude Expert Report, Testimony and Opinions of Plaintiffs' Expert Michelle A. McFaddin, J.D. (doc. 326); and defendants' Motion in Limine to Exclude or Limit the Testimony of Marco Kaltofen, P.E. (doc. 327).

All of these motions follow closely on the heels of the Court's denial, via Order dated March 8, 2006 (doc. 323), of Defendants' Motion in Limine to Exclude Evidence of Tests, Samples or Studies Relating to Contamination of Fish and Water (doc. 320). The undersigned explained the March 8 ruling as follows: (a) defendants' request was premature, inasmuch as there was no indication before the Court that plaintiffs intended to premise their forthcoming class certification motion on evidence of contaminated fish and water in the Tombigbee River; (b) this Court will not micromanage plaintiffs' evidence for class certification hearing purposes, dictate to them a particular theory for relief, or tell them how to go about presenting their Rule 23 arguments; (c) defendants made no showing that they would be prejudiced if plaintiffs were permitted to pursue such a Rule 23 theory relating to water and fish contamination; and (d) defendants' Motion bore an uncanny resemblance to a motion for summary judgment, inasmuch

as they were seeking preemptively to seal off an entire category of evidence and class certification theories from plaintiffs' access at the Rule 23 hearing, ostensibly because there was insufficient evidence developed during discovery to support it.

Careful review of defendants' latest salvo of Motions reflects that they are attempting to achieve indirectly that which the Court has already precluded them from doing directly, namely: to thwart preemptively plaintiffs' ability to pursue various theories for class certification. With respect to each Motion, defendants' principal argument is that the expert's opinions are not relevant because they do not bear on the class certification issue.[1] The March 8 Order clearly articulates this Court's determination that such anticipatory motions will not be taken up at this time. At present, it is unknown whether and, if so, how plaintiffs will seek to rely on any of these experts' testimony in their Motion for Class Certification, which has not yet been filed and is not yet due. That there was class certification discovery concerning a certain expert, or a certain aspect of an expert's opinions, does not necessarily imply that plaintiffs will rely on that expert, or that aspect of the expert's opinions, in making out a Rule 23 motion. That defendants might not perceive the relevance of such testimony does not necessarily mean that there is none. And it would be colossally inefficient for this Court to devote its resources, and to commit the parties' resources, to developing and exploring relevancy explanations that will in all likelihood either (i) presage and duplicate the contents of the parties' forthcoming Rule 23 briefs, or (ii) labor over phantom issues that never materialize because they are neither part of nor germane to plaintiffs' Motion for Class Certification.

In opposition to this line of reasoning, defendants offer five arguments. First, they contend that they are attempting to give this Court more time to resolve such issues than it had in

---

[1] Both the Farber and McFaddin Motions include identical language that such expert's "opinions are irrelevant, failing to address the only relevant issue at this stage in the litigation - class certification." (Doc. 325, at 3; doc. 326, at 3.) The Kaltofen Motion continues with that theme, as defendants argue that "his opinions relate solely to the merits of this case and do not address class membership, parameters of the class definition, whether the class will be manageable or any other information that will assist this Court during the class certification process." (Doc. 327, at 3.) And the Bedient Motion seeks to exclude his testimony and report because they purportedly "fail[] to address any of the certification issues presently before this court." (Doc. 324, at 3.)

the related case, *LaBauve v. Olin*, Civil Action No. 03-567-WS-B, which proceeded to class certification hearing in April 2005.  Second, they assert that they are adhering to the expert standards articulated by the undersigned in *LaBauve*.  Third, they maintain that their anticipatory motions will actually render these proceedings more efficient because plaintiffs have designated these experts as witnesses for the class certification hearing, such that these motions promote the objectives identified in this Court's March 8 Order.  Fourth, defendants state that they will be prejudiced if their Motions are not granted because they will have to devote time and effort to reviewing, responding to, and marshaling counterattacks concerning irrelevant testimony and evidence.  Fifth, defendants insinuate that preclusion of these experts' testimony and opinions is appropriate because "this Court has already recognized [them] in the LaBauve matter to be of little or no use at the certification stage."  (Doc. 324, at 2 n.4; doc. 325, at 3 n.4; doc. 326, at 3 n.4; doc. 327, at 3 n.4.)  The Court finds none of these contentions persuasive.

       Defendants' comparison of the posture of this case to the Motions in Limine in the *LaBauve* matter is misplaced.  The Motions in Limine in *LaBauve* were filed nearly two months after the plaintiffs' Rule 23 motion, and indeed after the briefing on same had concluded.  Moreover, the *LaBauve* Motions in Limine were predicated on reliability and qualifications considerations, rather than relevance.  The Motions at issue in this case bear little substantive or procedural resemblance to those in *LaBauve*; therefore, any concerns that the Court may or may not have articulated upon receiving the Motions in Limine in *LaBauve* would neither dictate nor even justify defendants' submissions here, particularly in the face of the countervailing considerations expressed in the March 8 Order.

       Similarly, defendants' contention that they "are following the standards and criteria for excluding experts at the certification stage that was previously set forth by this Court" rings hollow.  (Doc. 324, at 1; doc. 325, at 2; doc. 326, at 2; doc. 327, at 2.)  In *LaBauve*, the Court outlined the following standard for admissibility of expert testimony in a class certification hearing:

> "At the class certification stage, a district court's examination of expert testimony is limited to ensuring 'that the basis of the expert opinion is not so flawed that it would be inadmissible as a matter of law.'  *In re Visa Check*, 280 F.3d at 135 (only question is whether expert evidence is sufficient to demonstrate common questions of fact warranting certification of the proposed class, not

> whether such evidence will ultimately be persuasive); *see also Anderson*, 222 F.R.D. at 527 (same); *Nichols*, 2003 WL 302352, at *4 (same). **Both sides are free to argue and present evidence at the hearing that opposing expert witnesses' opinions are so flawed as to be inadmissible as a matter of law; however, the Court will not conduct a more rigorous, searching *Daubert* / Rule 702 inquiry at this time.**"

(*LaBauve v. Olin*, Civil Action No. 03-567-WS-B, doc. 167, at 2 (emphasis added).) The standards articulated by the Court in *LaBauve* and adopted from the underlying authorities were focused on egregious reliability considerations that might undermine the entire basis of an expert's testimony, rather than the kind of relevance objections championed by defendants here. Moreover, contrary to their contention that they are adhering to this Court's protocols from *LaBauve*, defendants' Motions clearly disregard the last quoted sentence, above, wherein the Court unequivocally left those very limited *Daubert*-type issues for argument and elaboration at the class certification hearing.

Nor is the Court persuaded that these Motions must be resolved now simply because plaintiffs may have designated certain individuals as expert witnesses several months ago in this case. In this Court's experience, litigants almost invariably submit substantially overinclusive witness and exhibit lists so that they may "keep their options open" at a trial or hearing. Besides, no final witness and exhibit lists for the Rule 23 hearing have been filed to date, and Judge Bivins' Amended Scheduling Order (doc. 249) does not require any such materials until April 21, 2006. In all likelihood, plaintiffs cannot state with any degree of certainty at this time whom they intend to call as expert witnesses during the class certification hearing and what opinions they intend to elicit from them, simply because no final decision has been required to date. For defendants to extrapolate from preliminary expert witness designation lists that plaintiffs must intend to call Bedient, Farber, McFaddin and Kaltofen to testify, and further that they must be intending to call these witnesses to testify about irrelevant opinions, is to engage in unvarnished conjecture.[2]

---

[2]   Defendants' suggestion in all four Motions that the purpose of their filings is to honor the Court's directive that they "winnow extraneous, less relevant, or solely merits-related evidence from their briefs, exhibits and witness testimony" takes the March 8 Order out of context. By its terms, the quoted admonition by the Court was unambiguously directed at each party's preparation of its <u>own</u> briefs, exhibits and witness testimony. It was not an invitation for

Defendants' strained prejudice arguments appear to have been articulated as a direct reaction to the observation in the March 8 Order that movants had failed to make any showing of prejudice. If the Court understands correctly, defendants maintain that they will be prejudiced if their Motions are not granted because they will have to devote time and expense to reviewing and responding to these experts' opinions, and retaining experts of their own to respond to plaintiffs' experts.[3] These contentions are without merit. If, as defendants insist, the testimony of these four experts truly is irrelevant to Rule 23 issues, then surely defendants may adequately respond to such testimony by simply stating as much and taking a seat. Thus marginalized, plaintiffs' expert testimony could not possibly harm or prejudice defendants. The only reason defendants would have to devote significant effort to reviewing, responding to, and rebutting plaintiffs' expert testimony is if the challenged testimony were in some way relevant to the Rule 23 issues that are the *raison d'etre* for the class certification proceedings. This, of course, is contrary to defendants' stated position in their Motions. Defendants' prejudice argument thus collapses of its own weight.[4]

Lastly, defendants' attempt to paint these experts' testimony as irrelevant because of

---

further anticipatory litigation of these unquestionably collateral, contingent, and speculative matters.

[3]   Furthermore, with respect to Dr. Bedient, defendants contend that his opinions are beneficial to them. Indeed, defendants characterize his opinions as being that there is insufficient data to set the geographic boundaries of a class, that none of the named plaintiffs have been impacted by Ciba contaminants, and that individual, property-by-property analysis would be necessary to determine whether and to what extent any property has been contaminated. (*See* doc. 324, at 3.) If this characterization is valid, then far from prejudicing defendants, Dr. Bedient's testimony would appear inordinately helpful to their efforts to defeat plaintiffs' quest for class certification status. Under the circumstances, no prejudice would attach to defendants by allowing Dr. Bedient to testify.

[4]   Besides, to the extent that plaintiffs might choose to squander their scarce hearing time by presenting irrelevant testimony, or to obfuscate their Rule 23 showing by cluttering the file with irrelevant materials, that choice would redound to defendants' benefit, not their prejudice. The Court has set aside two days for the Rule 23 hearing in this case. It does not intend to allow the hearing to expand beyond that very finite period. Every minute of that hearing that plaintiffs choose to devote to collateral, tangential considerations is a minute that they are not devoting to satisfaction of their burden of proof. No prejudice can possibly inure to defendants from any such poor strategic choices that plaintiffs might make.

what this Court may have ruled in *LaBauve* is misguided.  This case may or may not have parallels to *LaBauve*.  It may or may not involve similar evidence and legal battlegrounds at the Rule 23 stage.  But this Court will not reject or dismiss any of plaintiffs' proposed evidence out of hand simply because such evidence was deemed not particularly useful or helpful in the *LaBauve* matter.  These are different cases.  This Court does not assume, and the parties must not assume, that any factual or legal determinations in *LaBauve* will automatically carry over with equal force here.  This Court will analyze the facts and arguments presented by counsel at the class certification hearing on their own merit, with no prejudgment based on the outcome in *LaBauve*.

Two other points bear emphasis at this time.  First, it cannot be gainsaid that merits and Rule 23 issues are often intertwined, rendering it impossible to address the Rule 23 criteria without at least tangential discussion of the merits.  *See Cooper v. Southern Co.*, 390 F.3d 695, 712 (11th Cir. 2004) (explaining that "evidence pertaining to the requirements embodied in Rule 23 is often intertwined with the merits, making it impossible to meaningfully address the Rule 23 criteria without at least touching on the 'merits' of the litigation"); *Love v. Turlington*, 733 F.2d 1562, 1564 (11th Cir. 1984) (prohibition on merits determinations at Rule 23 stage "should not be talismanically invoked to artificially limit a trial court's examination of the factors necessary to a reasoned determination" under Rule 23).  This Court will not hamstring plaintiffs' Rule 23 showing by barring them from presenting any evidence that has a whiff of "merits" to it, but will instead afford plaintiffs the flexibility required by the authorities cited above in making their evidentiary showing.  Defendants' Motions proceed in derogation of these principles.

Second, the Court recognizes that as to Kaltofen and McFaddin, defendants' objections extend beyond mere relevance, to the more traditional reliability inquiry.  Defendants criticize certain of McFaddin's opinions as being outside her area of expertise as an administrative law attorney, and as being predicated on mere speculation.  Likewise, defendants assert that certain of Kaltofen's opinions extend beyond the scope of his expertise and are unsupported by any data.  Such flaws, if proven, might support exclusion of aspects of those experts' testimony or a finding that their testimony will not be credited.  But, again, there is no indication that either expert will be called to testify, much less that the substance of any such testimony will embrace the specific opinions that defendants contend might be so flawed as to be inadmissible as a matter of law.

Therefore, defendants' objection is premature.  In any event, the Court has every confidence that if Kaltofen and McFaddin do testify, and if their opinions touch on relevant matters that defendants believe extend beyond their expertise, are speculative, or are unsupported by the data, then defense counsel will be fully equipped to expose these defects on cross-examination. Likewise, if plaintiffs' class certification filings rely on aspects of Kaltofen's and McFaddin's reports that suffer from such failings, then the Court is equally confident that defendants will lay such flaws bare in their responsive memoranda.  Because these issues can be readily addressed as they arise in the course of the hearing or briefing processes, the interests of judicial economy and efficiency obviate any need to address these matters via separate motions, briefing or *Daubert* hearing antecedent to the Rule 23 hearings.

For all of the foregoing reasons, defendants' motions to strike or exclude the reports and testimony of various plaintiffs' experts (docs. 324, 325, 326 and 327) are **denied**.

DONE and ORDERED this 21st day of March, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE