IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JESSIE FISHER, *et al.*,                    )
                                            )
        Plaintiffs,                         )
                                            )
v.                                          )    CIVIL ACTION 03-0566-WS-B
                                            )
CIBA SPECIALTY CHEMICALS CORP.,   )
*et al.*,                                   )
                                            )
        Defendants.                         )

**ORDER**

This matter is before the Court on plaintiffs' Motion in Limine to Exclude the Testimony

of Herbert Noletto (doc. 357), filed in the late afternoon hours on April 21, 2006, just two

business days before the long-scheduled Rule 23 hearing.  Defendants filed a memorandum of

law (doc. 358) in opposition to the Motion after the close of business on the same date.[1]

In a nutshell, plaintiffs' position is that they were utterly taken by surprise when

defendants submitted a Witness List (doc. 353) on April 19, 2006 designating Herbert Noletto as

one of seven witnesses whom they will or may call to provide live testimony at the hearing.

Plaintiffs object that defendants never previously disclosed Noletto as a potential witness at any

time prior to April 19, that defendants have furnished plaintiffs with no documentation

concerning Noletto's testimony, and that plaintiffs are ill-equipped to prepare for cross-

examination of Noletto at this late date with no discovery information to go by.  On that basis,

plaintiffs request that Noletto's testimony be excluded in its entirety.

Defendants' hastily crafted response decries the Motion in Limine as "frivolous and

sanctionable," "disingenuous," and the product of plaintiffs' "audacity" and "abuse of procedure

---

[1]      In an Order (doc. 345) dated April 12, 2006, the undersigned cautioned the parties
that their insistence on maintaining the existing hearing setting would severely curtail the
availability of pre-hearing motion practice.  Nonetheless, because this eleventh-hour Motion in
Limine has been briefed and because it would undoubtedly behoove all concerned for a ruling on
said Motion in advance of the hearing, the Court will address it at this time, notwithstanding
these challenging procedural circumstances.

and due process." Cutting through this unhelpful, vituperative rhetoric, defendants' position is that Noletto's involvement in these proceedings was necessitated by plaintiffs' surprise addition of allegations concerning the chemicals Chlordane and T-Nonachlor, which defendants allege were first articulated by plaintiffs after the close of discovery in connection with the filing of their Motion for Class Certification (doc. 330) on March 24, 2006. Defendants protest that they had no idea during the discovery process that plaintiffs intended to rely on allegations concerning Chlordane and T-Nonachlor. Because Noletto is being called to testify solely to address these newly identified chemicals, defendants contend, they could not reasonably have disclosed him as a witness during the discovery period.

As is so often true in these types of disputes, neither side is without fault. This issue would never have arisen had both sides simply exercised reasonable diligence in notifying opposing counsel of the evidence on which they intended to rely once they decided to rely on it. Consistent with the spirit (and perhaps the letter) of their discovery obligations, plaintiffs should have seasonably notified defendants of their intent to inject allegations concerning Chlordane and T-Nonachlor into these proceedings at the class certification stage. Their apparent failure to do so might have been a basis for excluding all evidence and allegations concerning same, had defendants timely filed an appropriate motion regarding same. For whatever reason, defendants elected not to file such a motion. In the absence of any timely objection by defendants, the Chlordane and T-Nonachlor allegations are properly part of these Rule 23 proceedings and are fair game for testimony and evidentiary submission at the impending Class Certification Hearing. Rather than seeking to exclude the Chlordane and T-Nonachlor allegations, defendants chose to address them head-on through live testimony and additional evidence. This was their prerogative, provided that defendants immediately supplemented their disclosures to clue plaintiffs in on the additional witness(es) they planned to call concerning those chemicals. Yet they did not notify plaintiffs of their intent to call Noletto until April 19, just six days before the hearing and nearly four weeks after defendants announced their intention to pursue allegations concerning Chlordane and T-Nonachlor. Two wrongs do not make a right, and plaintiffs' apparent dilatoriness in placing defendants on notice of their intent to offer arguments and evidence concerning these two chemicals neither excuses nor justifies a corresponding delay by defendants in alerting plaintiffs to their new witness.

-2-

This is a morass of both parties' creation; therefore, both sides should participate in the amelioration of same.  Under the circumstances, it would be neither fair nor just to bar defendants from calling Noletto as a witness at the hearing.  The Motion in Limine is **denied**. However, it would be equally unfair (not to mention inefficient) to compel plaintiffs to go into the hearing with no specific information as to the nature of Noletto's contemplated testimony, which would be certain to yield an unfocused, exploratory cross-examination of this witness.[2] To that end, defendants are **ordered**, by no later than **6:00 p.m.** on **April 24, 2006**, to take the following steps:  (a) to provide plaintiffs with a good-faith written narrative summary outlining Noletto's professional background and the subject-matter (including key facts and/or opinions) of his anticipated testimony, and (b) to identify and furnish plaintiffs with copies of any exhibits about which Noletto is expected to testify.  Failure to comply with this Order in a timely fashion may result in exclusion of Noletto's testimony.

DONE and **ORDERED** this 24th day of April, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2]     At this time, the sole information defendants have given plaintiffs concerning Noletto's testimony is that he "is being called to address the Chlordane allegations."  (Motion in Limine, at Exh. A.)