# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JESSIE FISHER,** *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION 03-0566-WS-B |
| | ) |
| **CIBA SPECIALTY CHEMICALS CORP.,** *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## ORDER[1]

    This matter is before the Court on a host of motions relating to the Rule 23 hearing conducted on April 25 and 26, 2006, including the following: Plaintiffs' Motion for Leave to File Corrected Exhibit List (doc. 368), Plaintiffs' Motion for Leave to File Updated Exhibit List (doc. 375), Defendants' Motion for Leave to Take Testimony of Economist or to Supplement Expert Report (doc. 377), and Plaintiffs' Motion to Exclude Testimony of David Langseth (doc. 379).[2]

---

    [1]    Until now, the caption of this case has read *Jessie Fisher, et al. v. Ciba Specialty Chemicals Corporation, et al.*  At the Rule 23 hearing, plaintiffs' counsel represented that the only class representative whom they were proffering at this time was Ronald McIntyre, and that the other three designated class representatives (including Jessie Fisher) owned property outside the proposed class area.  (Tr., at 18-19.)  Plaintiffs' counsel stopped short of withdrawing the claims of the other class representatives, however, by suggesting that plaintiffs might seek to modify their class definition "after further sampling is done." (*Id.*)  Thus, even though plaintiffs are not proffering named plaintiffs Jessie Fisher, Arlean Reed, and Barbara Byrd as class representatives, the Court will not unilaterally dismiss their claims at this time because plaintiffs have not withdrawn them and defendants have not sought their dismissal.

    [2]    The docket sheet reflects several other pending motions that are ancillary to the Motion for Class Certification (doc. 330), including defendants' Motion to Re-Urge Motions to Strike or Exclude Experts Farber and McFaddin (doc. 364), Defendants' Motion in Limine to Preclude Evidence of Newly Disclosed Sampling Data (doc. 365), Defendants' Motion to Strike Affidavit of Dr. Philip Bedient (doc. 366), and Defendants' Objections to plaintiffs' designated deposition excerpts of Sherman Williams, Judith Durda and Patrick Hallett (docs. 371, 372, 374).  In its discretion, the Court finds that these items can be addressed most efficiently in the context of the forthcoming order on the Motion for Class Certification, and will rule on them

### A. Revisions to Plaintiffs' Exhibit List.

Shortly after 1:00 a.m. on April 25, 2006 (the first day of the Rule 23 hearing), plaintiffs' counsel filed a Motion for Leave to File Corrected Exhibit List (doc. 368). The "corrected" document was actually a supplemental exhibit list incorporating three new exhibits (P-169, P-170 and P-171) that were not set forth in plaintiffs' original exhibit list filed on April 19, 2006, the deadline established by the Court via Order (doc. 345) entered on April 12, 2006. The three new exhibits include an Affidavit of Dr. Philip Bedient (Exh. P-169) dated April 20, 2006, a memorandum written by Sherman Williams and dated August 10, 1988 (Exh. P-170) that plaintiffs claim was inadvertently omitted from the previous exhibit list, and an exhibit containing sampling data that allegedly first became available to plaintiffs on April 21, 2006 (Exh. P-171). Defendants have filed motions objecting to the admissibility of both P-169 and P-171. As a strictly housekeeping matter, the undersigned **grants** plaintiffs' Motion for Leave to File Corrected Exhibit List (doc. 368), subject to and without ruling on defendants' objections to P-169 and P-171.

Similarly, two days after the hearing, plaintiffs' counsel filed a Motion for Leave to File Updated Exhibit List (doc. 375) to incorporate plaintiffs' exhibits P-172 through P-188, all of which were introduced during the Rule 23 hearing. Subject to and without foreclosing any unresolved objections interposed by defendants to those newly submitted exhibits, the Motion for Leave to File Updated Exhibit List is **granted**, and the Exhibit List appended to the Motion as Exhibit A will be considered the definitive plaintiffs' exhibit list in connection with the Rule 23 hearing.

### B. Defendants' Motion Concerning Dr. William Desvousges.

On April 12, 2006, the undersigned entered an Order (doc. 345) placing the parties squarely on notice that the Rule 23 hearing was slated for two days and two days only. That Order provided: "The hearing cannot be extended to a third day. Subject to equitable and practical considerations that may arise during the hearing, each side should proceed with the understanding that it will be allotted one day, and only one day, to present its evidence." (Doc. 345, ¶ 2.) On the first day of the hearing, plaintiffs completed their presentation of evidence by

---

contemporaneously with the Rule 23 Motion.

5:20 p.m. On the second day, defendants commenced with an opening statement, then proceeded with live testimony from Wayne Grip (defendants' aerial mapping / photo interpretation expert), approximately five dozen videotaped excerpts from the deposition of Dr. Philip Bedient (plaintiffs' hydrology/groundwater expert), and extensive live testimony from Dr. David Langseth (defendants' environmental contamination expert). After Dr. Langseth stepped down at approximately 5:45 p.m., the undersigned pronounced the hearing concluded, at which time defense counsel indicated that their expert economist, Dr. William Desvousges, was standing by to testify concerning matters that were not covered in defendants' previous submissions concerning the motion for class certification.[3] The Court declined to permit further live testimony at that late hour, but authorized defendants to file a motion to supplement the record, which they have since done.

In their post-hearing Motion for Leave to Take Testimony of Economist or to Supplement Expert Report (doc. 377), defendants request permission to depose Dr. Desvousges, giving plaintiffs' counsel an opportunity to cross-examine him, and submit the transcript to supplement the existing Rule 23 hearing record. Defendants estimate that this deposition could be taken "in less than three hours." (Doc. 378, at 1.) Alternatively, defendants proffer a proposed supplemental report from Dr. Desvousges, weighing in at a hair over two pages in length and containing the supplemental opinions that defendants wish to insert into the record.[4] Plaintiffs have filed a response in opposition to defendants' Motion, arguing that defendants'

---

[3] Part of defendants' justification for these omissions from their filings was that the areas on which Dr. Desvousges would testify related to "new matters that have come up in the last couple of weeks – couple of months." (Tr., at 473.) Had the parties had more time before the hearing, presumably these issues could have been incorporated into defendants' written materials. But the parties (including defendants) elected to proceed with the Rule 23 hearing as originally scheduled, notwithstanding the undersigned's expressed willingness to continue it (*see* doc. 345) and despite the clear foreseeability of exactly this kind of problem.

[4] Despite defense counsel's representations that Dr. Desvousges would testify concerning both the plaintiffs' class definition and the *Cook v. Rockwell* proposed trial plan, his supplemental report appears confined to the "income-producing" issue relating to the class definition. Because defendants opted not to present proposed supplemental opinions from Dr. Desvousges concerning plaintiffs' proposed trial plan, the Court will not entertain further supplementation from Dr. Desvousges to embrace that issue at this stage.

filing was untimely,[5] that Dr. Desvousges' credentials are not as he represents them to be, that defendants were on notice that they could not exceed one day's worth of evidence at the Rule 23 hearing, and that plaintiffs would incur additional and unnecessary expense if a supplemental deposition of Dr. Desvousges were authorized.  Plaintiffs' response also delineates their counterarguments to the opinions expressed in Dr. Desvousges' proposed supplemental report.

Defendants' request to take Dr. Desvousges' deposition for purposes of supplementing the Rule 23 hearing record is **denied**.  Two weeks before the hearing, defendants were given notice that they would be afforded a full day to present their evidence, but were cautioned that they could not run over.  Defendants did not object to this limitation.  As a result, defendants were obliged to compress and prioritize the myriad materials and witnesses they could have presented and to submit only those deemed most illuminating to defendants' position.  Plaintiffs operated within exactly the same trade-offs and temporal constraints.  To allow defendants to expand their one-day limit with as much as three hours of after-the-fact deposition testimony from Dr. Desvousges would run counter to the clear ground rules articulated prior to the hearing and would undermine the "equal time" principles on which the Court's hearing procedures were predicated.  It would also compel plaintiffs to incur additional expense and inconvenience, and would further burden the already-burgeoning court file with yet additional Rule 23 materials.  Defendants made a strategic choice to offer other witnesses' testimony at the hearing before calling Dr. Desvousges, knowing full well that they might not reach him in the allotted time.  They now must live with that choice.

That said, the Court perceives no harm in accepting the two-page supplemental report of Dr. Desvousges.  Plaintiffs attempted a similar gambit by revising their exhibit list on the morning of the hearing to include a supplemental affidavit of their hydrology expert, Dr. Philip Bedient.  Moreover, plaintiffs' response (doc. 380) contains a rejoinder to the merits of the

---

[5] The timeliness argument is unavailing.  The Court specified at the hearing that defendants' motion to supplement the record must be filed in seven days.  (Tr., at 475.)  Plaintiffs are correct that the motion and proposed supplemental report were filed on May 5, 2006, nine calendar days after the hearing.  Under Rule 6(a), Fed.R.Civ.P., in the absence of any contrary instruction by the Court, defendants were justified in excluding Saturdays and Sundays from the prescribed time period, such that their May 5th submission occurred on the seventh day after the hearing, and was therefore timely.

supplemental material proffered by Dr. Desvousges, such that plaintiffs have had an opportunity to rebut these supplemental opinions. The Court finds that the interests of justice militate in favor of allowing defendants to file the supplemental report of Dr. Desvousges, subject to plaintiffs' objections and enumerated criticisms of same. Accordingly, defendants' Motion for Leave to Supplement Expert Report (doc. 377) is **granted**. Dr. Desvousges' May 4 supplemental report will be designated Exh. D-250 and will be considered, in tandem with plaintiffs' objections and critiques of same, with the other Rule 23 materials.

### C. Plaintiffs' Motion to Exclude Testimony of David Langseth.

Finally, on May 10, 2006, some two weeks after the Class Certification Hearing concluded, plaintiffs filed a Motion to Exclude Testimony of David Langseth (doc. 379). Plaintiffs assert that, even though they objected to Dr. Langseth's testimony on various grounds during the hearing, this post-hearing motion was necessary because "[a]fter the Hearing, Plaintiffs learned that ... several of the bases for [Dr.] Langseth's opinions were misrepresented to the Court." (Doc. 379, at 1.) The Motion proceeds to find fault with Dr. Langseth's testimony in the following respects: (a) he selected a Preliminary Remediation Goal ("PRG") for DDTr of 1,700 ppb even though the table he relied on did not list a separate PRG for DDTr, and he erroneously used the lowest value; and (b) his analysis excludes DDTr samples collected from the Ciba facility itself and therefore negates his testimony about any "gradient effect" of contamination as one moves away from that facility. In light of these alleged errors, "Plaintiff requests that this Honorable Court strike the opinions of David Langseth." (Doc. 379, at 4.)

Plaintiffs' Motion fails in two respects. First, the premise of the Motion is incorrect. Plaintiffs' objections are not newly-discovered defects in Dr. Langseth's opinions, nor is there any evidence of "misrepresentations." Plaintiffs simply disagree now, as they did on the record during the hearing, with Dr. Langseth's methodology. On direct examination, Dr. Langseth clearly explained how and why he selected a PRG of 1,700 ppb. (Tr., at 355-56, 359.) Regardless of whether his methodology was correct or not, the undersigned finds no misrepresentations in Dr. Langseth's testimony on this point.[6] Plaintiffs' counsel questioned Dr.

---

[6] Plaintiffs argue in bold-faced print that "there is no PRG for DDTr anywhere in the table cited to by [Dr.] Langseth." (Doc. 379, at 3.) But he never testified that there was a

Langseth at length about the utility and propriety of the PRG on cross-examination. (*Id.* at 417-19, 428-29.) Had plaintiffs' counsel wished to interrogate him about his methodology in selecting the 1,700 ppb figure, it could have done so. Plaintiffs' counsel also cross-examined Dr. Langseth on the topic of his failure to utilize data from the Ciba site itself, and whether such an omission might compromise his ability to document a gradient effect. (*Id.* at 456-57.) Thus, plaintiffs' Motion merely rehashes points that plaintiffs did make, or reasonably could have made, on cross-examination of this witness at a hearing several weeks ago. Second, plaintiffs proffer neither argument nor authority for the proposition that their dispute over Dr. Langseth's methodology renders it appropriate (much less necessary) to strike his testimony from the Rule 23 hearing. At the class certification stage, a district court generally allows expert testimony so long as it is satisfied "that the basis of the expert opinion is not so flawed that it would be inadmissible as a matter of law." *In re Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124, 135 (2nd Cir. 2001). The Court readily concludes that, whatever infirmities it may have, Dr. Langseth's testimony is not so flawed as to be inadmissible as a matter of law; therefore, plaintiffs' Motion to Exclude Testimony of David Langseth is **denied**.[7]

### III.     Conclusion.

For all of the foregoing reasons, it is **ordered** as follows:

1.     Plaintiffs' Motion for Leave to File Corrected Exhibit List (doc. 368) and Motion

---

specific PRG for DDTr, *per se*, listed on that table, but instead explained how he derived that PRG from the table. His methodology may (or may not) have been flawed, but this testimony cannot reasonably be termed a misrepresentation of anything.

[7]     Plaintiffs' Motion attaches as an Exhibit a brand-new Affidavit of Marco Kaltofen, P.E. dated May 9, 2006 and dedicated to criticizing Dr. Langseth's methodology. Given the obvious legal, factual and logical infirmities in the Motion to Exclude, one might reasonably question whether the Motion was filed for strategic purposes in a back-door attempt to supplement the record with additional testimony from Mr. Kaltofen commenting on Dr. Langseth's opinions. This Affidavit is not an exhibit to the Rule 23 hearing. Plaintiffs have not requested to supplement the record from the Rule 23 hearing with that Affidavit. Plaintiffs have not shown that Kaltofen was unable to testify on these points when they called him as a witness during the Rule 23 hearing. The time for supplementation has expired. Accordingly, the Court has relied and will rely on the May 9 Kaltofen Affidavit for no purpose other than consideration of plaintiffs' Motion to Exclude. The Rule 23 Record is closed.

       for Leave to File Updated Exhibit List (doc. 375) are **granted**, subject to defendants' objections to the newly identified exhibits included in those supplemental/updated exhibit lists.

2. Defendants' Motion for Leave to Take Testimony of Economist or to Supplement Expert Report (doc. 377) is **granted in part**, and **denied in part**. The request to take a new deposition of Dr. Desvousges and supplement the Rule 23 hearing record with its transcript is **denied**. The request to supplement Dr. Desvousges' report with the May 4 supplemental materials is **granted**, and that supplemental report will be labeled Exhibit D-250 and considered with all the other Rule 23 hearing exhibits, subject to plaintiffs' objections, criticisms, and merits-based rebuttals presented in their response.

3. Plaintiffs' Motion to Exclude Testimony of David Langseth (doc. 379) and their Corrected and Substituted Motion to Exclude Testimony of David Langseth (doc. 383) are **denied**.

DONE and ORDERED this 18th day of May, 2006.

                                              s/ WILLIAM H. STEELE
                                              UNITED STATES DISTRICT JUDGE