**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JESSIE FISHER,** *et al.***,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 03-0566-WS-B** |
| | ) | |
| **CIBA SPECIALTY CHEMICALS CORP.,** | ) | |
| *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on plaintiffs' Motion to Join Additional Party Plaintiff (doc. 396). Defendants have filed an Objection (doc. 397) expressing their strenuous opposition to the relief requested. The Motion is now ripe for disposition.

This long-running action involves the claims of four plaintiffs (Jessie Fisher, Arlean Reed, Barbara Byrd and Ronald McIntyre) that defendants contaminated their property with DDT and BHC. At the Class Certification Hearing conducted on April 25 and 26, 2006, plaintiff Ronald McIntyre testified concerning a parcel of land referred to as "Lot 8," at which plaintiffs' expert had allegedly discovered DDT contamination. McIntyre testified that he owns Lot 8, and plaintiffs introduced a deed purporting to show that McIntyre owns that parcel jointly with his sister, Sharon Greer (who was then a non-party). (Transcript (doc. 381), at 204-05, 209-10; Exh. P-129.) McIntyre's testimony in this regard was significant, because plaintiffs were endeavoring to use his ownership status over Lot 8 to establish his eligibility to represent the class in these proceedings.

Class certification was denied via Order (doc. 386) dated July 14, 2006. After submission of a Joint Proposed Rule 16(b) Scheduling Order (doc. 392) by the parties, Magistrate Judge Bivins entered a Scheduling Order (doc. 395) on September 27, 2006, outlining various pretrial deadlines, including a discovery completion deadline of April 16, 2007 and a trial setting in the August 2007 civil term. This Scheduling Order did not specify a deadline for joinder of additional parties or amendment of the pleadings, apparently because the parties did

not request the setting of such a deadline.

On September 28, 2006, the very next day after entry of the Rule 16(b) Scheduling Order, plaintiffs filed the instant Motion to Join Additional Party Plaintiff.  In particular, plaintiffs seek to add Sharon Greer (sister of plaintiff McIntyre) as a party plaintiff, explaining that "[u]pon further examination of the deeds," plaintiffs have determined that McIntyre does not own Lot 8, but that it is instead owned exclusively by Greer.[1]  Plaintiffs' Motion does not explain why they were unable to identify the true owner of Lot 8 until now, nor does it endeavor to explain McIntyre's unequivocal testimony at the Class Certification Hearing that he and his sister jointly own that real property.

Defendants object to the requested joinder of Greer as a party plaintiff for three reasons. First, they contend that the deadline for joining new parties in this action expired in December 2004.  This argument is unpersuasive.  To be sure, Judge Bivins entered a Rule 16(b) Scheduling Order (doc. 64) in August 2004 that set a December 31, 2004 deadline for amending pleadings or joining parties; however, by its express terms, the August 2004 Scheduling Order was confined to class certification discovery issues.  Defendants' attempt to cast the August 2004 Scheduling Order as setting a once-and-for-all deadline for joinder of parties disregards the plain language and context of that Scheduling Order limiting it to class discovery.  By contrast, the September 2006 Scheduling Order (which supersedes its predecessor and is now the only binding and applicable scheduling order in this case) is silent as to joinder of parties or amendment of pleadings.  Defendants fault plaintiffs for this omission, but defendants could just as easily have requested a deadline for those motions (or a statement that the December 2004 deadline for joinder/amendment would be binding in the merits phase) to protect themselves.  The consequence of their failure to do so is that the governing Rule 16(b) Scheduling Order dated

---

[1]     To support this contention, plaintiffs append a Warranty Deed dated September 18, 1984, in which plaintiff McIntyre and several other persons agreed to convey their interest in certain real property to Greer.  (Doc. 396, at Exh. B.)  The legal description of the property recited in this 1984 Warranty Deed varies from that set forth in Plaintiffs' Exhibit P-129 presented at the Class Certification Hearing.  Thus, it appears that the deeds which plaintiffs introduced at the Hearing and characterized as relating to Lot 8 in fact concern a different parcel. Plaintiffs offer no explanation for this error, nor do they indicate when or how they learned the truth.

September 27, 2006 poses no impediment to joinder of additional parties at this time.[2]

Second, defendants balk that there is no legal reason why Sharon Greer should be added because her claims would need to be resolved on an individualized basis, such that there is no reason why her claims should be tried with those of the existing plaintiffs. As the Eleventh Circuit has explained, however, "[a] district court may join a person to an action when the person seeking joinder asserts a right to relief jointly, severally, or in the alternative with the party who filed the action, that right to relief arises from the same underlying transaction or series of transactions, and the claims have a common factual or legal basis." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002). Each of those elements is satisfied here.[3] This Court is vested with "broad discretion to join parties or not." *Id.*; *see also Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000) (explaining that joinder of claims, parties and remedies is strongly encouraged to promote judicial economy). Under the circumstances here, the joinder of Greer appears well within the reasonable boundaries of the undersigned's discretion, and defendants' contentions to the contrary are unfounded.[4]

---

[2]    Defendants assert that no new deadline for joinder of parties was requested because "no one saw the need to include an additional deadline, and Plaintiffs failed to request or even mention the need to add parties." (Objection, at 2.) The timing of these events is certainly suspect, given plaintiffs' request to join Greer the day after the new Scheduling Order was entered. That said, defendants have made no showing that they ever inquired of plaintiffs whether they harbored the intent to join additional parties, or that plaintiffs made any misrepresentations in that regard. Local Rule 26.1(d)(4) and Local Form 35 contemplate that the parties' planning meeting will include discussion of deadlines for joinder of parties and amendment of pleadings. If this topic was not addressed in the parties' planning meeting, then defendants must share culpability for the oversight.

[3]    Plaintiffs invoked the "necessary party" basis for joinder under Rule 19(a), rather than the "permissive joinder" rules of Rule 20(a). Nonetheless, as it is evident that joinder is appropriate on a permissive basis "to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits," *Swan*, 293 F.3d at 1253, the Court need not decide whether Greer qualifies as a "necessary party" under Rule 19.

[4]    This particular objection by defendants appears calculated to lay the groundwork for a forthcoming challenge under Rules 20(b) or 42(b), Fed.R.Civ.P., as to whether the plaintiffs' claims should be severed for trial. The Court understands defendants' position is that consolidation for trial is inappropriate and that there should be separate trials and separate juries for each plaintiff. But the propriety of consolidation for trial is not the issue at this time, and has

Third, defendants complain that "the addition of a new plaintiff at this stage in the litigation is highly prejudicial to Defendants," inasmuch as "[n]o discovery has been done with regard to Ms. Greer's claims" and "the current schedule would need to be revised" to accommodate her joinder "at this late hour." (Objection, at 4.) The Court cannot agree with this characterization. The operative Scheduling Order allows for a period of discovery extending for the next six months, from now until April 16, 2007. Merits discovery is far closer to its beginning than to its end. Surely, defendants are already well acquainted with Lot 8, the parcel that Greer owns that she claims is contaminated by defendants' DDT. It is highly improbable that Greer's joinder would require further investigation or inquiry into Lot 8 than defendants have already performed. To be sure, defendants may wish to take Greer's deposition and to propound written discovery to her. There is no reason to believe, however, that defendants' legal team will be unable to complete these routine, circumscribed tasks between today and April 16, 2007. As defendants have failed to show any reasonable likelihood of prejudice arising from Greer's joinder, this objection is without merit.

For all of the foregoing reasons, plaintiffs' Motion to Join Additional Party Plaintiff (doc. 396) is **granted**. Plaintiffs are **ordered** to file an amended complaint, effectuating Greer's joinder but otherwise making no substantive changes to the existing Complaint, on or before **October 30, 2006**. To avoid any risk of confusion or delay of the current trial schedule, any further motions for leave to amend the pleadings or to join other parties must be filed on or before **October 30, 2006**, pursuant to Rule 16(b), Fed.R.Civ.P.

DONE and ORDERED this 20th day of October, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

not been properly presented by defendants in an appropriate motion. That defendants intend to litigate Rule 20(b) and/or 42(b) issues at some future time is not a valid basis for summarily rejecting plaintiffs' attempt to join Greer today. Defendants are free to file a motion to sever at an appropriate time, and any such motion will be assessed by "balanc[ing] considerations of convenience, economy, expedition, and prejudice, [as] the decision to order separate trials naturally depends on the peculiar facts and circumstances of each case." *Alexander*, 207 F.3d at 1324-25.