IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSIE FISHER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 03-0566-WS-B |
| ) | |
| CIBA SPECIALTY CHEMICALS ) | |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on Plaintiffs' Statement of Appeal of Magistrate Judge's Order on Motion for Reconsideration (doc. 461). On March 1, 2007, Magistrate Judge Bivins entered an Order (doc. 453) denying plaintiffs' request for an indefinite extension of time to submit their expert disclosures, and instead setting a deadline of March 23, 2007, some two and a half months after the original, agreed deadline of January 12, 2007. The March 1 Order marked the second time in five weeks that Magistrate Judge Bivins took up the issue of a requested resetting of plaintiffs' expert disclosure deadlines, and her rulings were made with the benefit of extensive briefing from the parties; a discovery conference held on January 30, 2007; and her considerable reservoir of experience in supervising the parties' discovery efforts (and refereeing their frequent discovery disputes) in this case during the last three years.

In their Statement of Appeal and accompanying 16-page brief (doc. 462) filed on March 16, 2007, plaintiffs protest that Magistrate Judge Bivins has afforded them insufficient time to prepare their expert disclosures, that she has "ratifie[d] the Defendants' discovery abuse to the detriment of the Plaintiffs," that she has failed "to take seriously the issue of Defendants' blatant discovery abuse," and that she "seems to make light of a very serious situation regarding Defendants' deliberate discovery abuses" by trying to force this case to trial at its present August 2007 setting without first remediating defendants' "continual and intentional abuse of the discovery process." (Plaintiffs' Brief, at 3, 5, 10, 15.)

Plaintiffs ask the Court to examine this issue *de novo*.  As this Court has previously explained to plaintiffs, however, that is not the correct standard of review.  (Doc. 447, at 2 n.1.) To the contrary, the instant appeal is governed by Rule 72(a), Fed.R.Civ.P., which provides that, when timely objections are made to a magistrate judge's order on a nondispositive matter, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order ***found to be clearly erroneous or contrary to law***."  *Id.* (emphasis added); *see also* 28 U.S.C. § 636(b)(1)(A) (reciting same standard); *In re Commissioner's Subpoenas*, 325 F.3d 1287, 1292 n.2 (11th Cir. 2003) (observing that district court properly applied "clearly erroneous or contrary to law" standard of review in reconsidering magistrate judge's determination of pretrial matter); *Merritt v. International Broth. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981) ("Pretrial orders of a magistrate under s 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination ....").  Accordingly, the "clearly erroneous or contrary to law" standard of review is operative here, and that standard – not the more stringent test advocated by plaintiffs – will be applied.

After careful review of Magistrate Judge Bivins' rulings, as well as plaintiffs' Statement of Appeal, the accompanying briefs, and all other portions of the file deemed relevant, the Court readily concludes that the expert disclosure deadline set by the Magistrate Judge's March 1 Order is neither clearly erroneous nor contrary to law.  While this determination would be sufficient, in and of itself, to dispose of the instant appeal in its entirety, the Court takes this opportunity to furnish justifications and observations that will explain its decision and provide guidance to the parties for the duration of the litigation.

This case bears the dubious distinction of being the oldest civil non-habeas corpus action on the undersigned's docket, and by a wide margin.  That fact is not anyone's fault, in particular, and is perhaps an inevitable byproduct of the complexity of the legal, factual and procedural issues involved.  That said, the undersigned is resolute in sharing Magistrate Judge Bivins' desire to avoid needless delays of the trial date, which now looms less than five months away. The Court finds no error in her conclusion that the requested extension at issue here would effect just such an unnecessary protraction of these proceedings.  Plaintiffs' principal reason for requesting such an extension – or, in their words, "the crux of the Request for Extension" – is

that defendants produced certain purportedly crucial documents in early January 2007. But plaintiffs and their experts have now enjoyed nearly three months of unfettered access to those materials, which is surely enough time to incorporate them into their expert reports. Clearly, that is not a valid basis for derailing the carefully planned, agreed timetable for concluding discovery and proceeding to trial.[1]

Plaintiffs also suggest that an extension of their expert disclosure deadline is needed because, to date, defendants have produced "less than half of the available information." (Plaintiffs' Brief, at 5.) This unhelpful rhetoric distorts the facts. To be clear, defendants have produced more than 1 million documents to plaintiffs during the discovery process in this case. There is no reason to believe, and surely plaintiffs do not mean to suggest, that a like number of relevant, available documents have been withheld from production. Obviously, after three years of discovery, plaintiffs and their experts have the benefit of far more than "half of the available information" to facilitate the preparation of their reports. It appears that, notwithstanding their overbroad and misleading argument, plaintiffs' "less than half" point is actually directed at the fact that defendants have not produced Annual Reports for 8 of the 15 years in the 1950s and 1960s during which DDT was produced at Ciba's McIntosh site. But there is a very good reason why those documents have not been produced: Defendants have been unable to find them. Indeed, defendants have expressly represented to this Court that they "have produced all of the Quarterly and Annual Production Reports they have been able to locate. These reports were generated more than fifty years ago, and simply appear to have been lost over the years." (Defendants' Opposition (doc. 466), at 6.) Far from having "less than half of the available information," then, all appearances are that plaintiffs and their experts currently possess 100% of the <u>available</u> Quarterly and Annual Production Reports for the period of concern.

---

[1] To the extent that plaintiffs would attempt to split hairs by saying that their request for reconsideration was actually based on additional documents produced by defendants in early February 2007, the result is the same. Those documents (Annual Reports from the 1950s and 1960s) may number 2,000 pages, but Magistrate Judge Bivins found, based on plaintiffs' own admissions, that only a small percentage of those pages have anything to do with DDT production. Besides, plaintiffs have now had nearly two months to process, evaluate and incorporate those documents into their reports as well, and there is no basis for concluding that additional time is needed.

A strong undercurrent running through plaintiffs' filings is their belief that they are entitled to an open-ended extension of their expert disclosure deadline because defendants have been serial abusers of the discovery process, bad actors who willfully suppress and deceive at every turn.  Indeed, plaintiffs repeatedly assert in their appeal that Magistrate Judge Bivins' ruling was clearly erroneous because she took these transgressions lightly.  This Court's review finds no evidence to support such a conclusion.  Plaintiffs may rest assured that discovery abuses are always treated as very serious matters in federal court.  They are not tolerated, condoned or suffered to persist by any judicial officer sitting in this District; indeed, many of the rules and procedures implemented by this District Court are designed specifically to preserve the integrity of the discovery process and to ensure the vindication of the policies underlying the Federal Rules of Civil Procedure.  Far from casting a blind eye to plaintiffs' accusations, Magistrate Judge Bivins investigated them.  She conducted a hearing, at which she asked defense counsel to explain the delays in producing the documents.  She reviewed the evidence, and made findings, based not only on the information provided on that date, but also on the background and experience gained through her extensive, day-to-day involvement with discovery issues in this case for the last three years.  That plaintiffs disagree with Magistrate Judge Bivins' conclusions cannot support their counterfactual characterization that she brushed aside or otherwise disregarded their allegations of pernicious, rampant discovery abuses.  Accusations of discovery violations need not be credited when, after investigation, the court deems them unsupported, particularly when such accusations appear to have been motivated (at least in part) by the accusers' ulterior motive of postponing important pretrial deadlines.

More generally, plaintiffs' gratuitous castigation of opposing counsel appears rooted in the assumption that every relevant document that ever existed is sitting at defense counsel's fingertips, such that any delays or omissions in producing such items must necessarily be the product of some nefarious malfeasance.  Such an assumption is unrealistic to the extreme in the context of this sprawling litigation.  As mentioned, more than 1 million documents have been produced over a three year period.  Many of these records date back a half-century or longer, and relate to the relatively short interval in the 1950s and 1960s in which defendants or their predecessors produced DDT at their McIntosh facility.  Is it entirely possible that documents (even documents that are highly relevant or, in plaintiffs' words, "crucial") may have been

innocently discarded, destroyed, misplaced or otherwise lost in the shuffle during the intervening 50 years? Of course. The rules of discovery do not demand perfection, clairvoyance, or miracle workings in the production of documents. Crying foul and casting aspersions whenever there's a hole in defendants' document productions or whenever some small number of documents (even crucial documents) are found relatively late in the process does not advance plaintiffs' cause and is not conducive to the timely, efficient resolution of this litigation. Plaintiffs seem unwilling to accept the possibility – found by Judge Bivins to be fact here – that defendants' good-faith compliance with their discovery obligations and the early 2007 supplemental productions are not mutually exclusive.[2]

The bottom line is this: Plaintiffs' continuing complaints of malfeasance by opposing counsel in the discovery process have been considered and rejected by Magistrate Judge Bivins, who is intimately familiar with the progress of discovery in this litigation. The Court finds no clear error in her determination. As the hour of trial draws near, the parties' resources would be far more constructively focused on preparing for trial than at directing *ad hominem* attacks at opposing counsel. Under these circumstances, the Court perceives no valid reason to appoint a Special Master "to investigate and review Defendants' production activities to ensure that the discovery abuse perpetrated by Defendants ceases." (Plaintiffs' Brief, at 10.) Plaintiffs' request in that regard is **denied**.

Finally, as for plaintiffs' request to dismiss their claims without prejudice if the extension is not granted, such a remedy is inappropriate in this case. The Federal Rules of Civil Procedure permit a plaintiff to dismiss an action voluntarily only "upon order of the court and upon such terms and conditions as the court deems proper" after the defendant has filed an answer to the complaint, unless there is a stipulation signed by all parties to the action. Rule 41(a)(2), Fed.R.Civ.P. "A voluntary dismissal without prejudice is not a matter of right." *Fisher v. P.R.*

---

[2] Of course, none of this lets defendants "off the hook" for their continuing obligations both to supplement their discovery responses and to work diligently, in the first instance, to locate and produce responsive discovery materials in a timely fashion. The Court fully expects the parties to adhere scrupulously to these responsibilities. But Magistrate Judge Bivins expressly found that defendants have fulfilled those obligations as to the disputed document production at issue here, and that determination is neither clearly erroneous nor contrary to law.

*Marine Mgmt., Inc.*, 940 F.2d 1502 (11th Cir. 1991). In particular, such a voluntary dismissal should not be granted if the defendant will suffer clear legal prejudice. *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001). "In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case." *Id.* Because the Court is of the opinion that defendants would incur clear legal prejudice if plaintiffs were permitted to dismiss their claims without prejudice at this time, presumably to refile them immediately and begin the litigation process anew, the Court in its discretion **denies** this request. *See Mosley v. JLG Industries, Inc.*, 2006 WL 1889922 (11th Cir. July 11, 2006) (finding no abuse of discretion in denial of Rule 41(a)(2) motion where considerable time had been expended and expenses incurred, many extensions had been granted to plaintiff for naught, defendants' summary judgment motion was pending, and motion was solely motivated to avoid adverse ruling); *Stephens v. Georgia Dep't of Transportation*, 2005 WL 1274481 (11th Cir. May 31, 2005) (affirming denial of Rule 41(a)(2) motion where, during two-year pendency of case, numerous motions had been filed, extensive discovery had been produced, and motions for summary judgment were pending, such that only a dismissal with prejudice would be appropriate).

For all of the foregoing reasons, plaintiffs' Appeal (doc. 461) of the Magistrate Judge's Order dated March 1, 2007 is **denied**.[3] Plaintiffs' objections are **overruled** and Magistrate Judge Bivins' Order is **affirmed**, with this slight modification to the relevant deadlines (occasioned by the time required to consider this appeal): Plaintiffs' deadline for submitting their Expert Disclosures is **April 4, 2007**, and plaintiffs must make their experts available to be

---

[3] In reaching this result, the Court does not adopt defendants' incorrect argument that the appeal should be dismissed as untimely. Pursuant to Rule 72(a), Fed.R.Civ.P., a party seeking to appeal from a magistrate judge's ruling on a nondispositive matter must submit its appeal "[w]ithin 10 days after being served with a copy of the magistrate judge's order." *Id.* Although the appealed-from Order was signed by Magistrate Judge Bivins on March 1, 2007, it was not docketed and electronically served on the parties until 9:42 a.m. on March 2, 2007. Accordingly, the 10-day period for appeal commenced running on March 2, and (after subtracting intermediate Saturdays and Sundays pursuant to Rule 6(a), Fed.R.Civ.P.) plaintiffs' objections were due no later than March 16, 2007, which was the very date on which the Statement of Appeal was filed. Whatever other deficiencies plaintiffs' appeal might have, a lack of timeliness is not one of them.

deposed no later than **April 25, 2007**.  Defendants' deadline for submitting their Expert Disclosures is **May 9, 2007**, and defendants must make their experts available to be deposed no later than **May 23, 2007**.  The parties are reminded that this action remains set for a final pretrial conference before the undersigned on July 17, 2007, with jury trial to follow during the month of August 2007.

    DONE and ORDERED this 30th day of March, 2007.

                                                         s/ WILLIAM H. STEELE  
                                                         UNITED STATES DISTRICT JUDGE