IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JESSIE FISHER, *et al.*,          *
                                  *
     Plaintiffs,                  *
                                  *
vs.                               *   CIVIL ACTION No. 03-00566-WS-B
                                  *
CIBA SPECIALTY CHEMICALS          *
CORPORATION, *et al.*,            *
                                  *
     Defendants.                  *

## REPORT AND RECOMMENDATION

This action is before the Court on Defendants' Sealed Motion to Enforce Terms of Settlement Agreement Regarding Releases filed on March 13, 2008. (Doc. 575). Defendants' motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72 (b) of the Rules of Civil Procedure. The undersigned conducted an evidentiary hearing on April 2, 2008. Based upon the representations of counsel at the hearing, and a review of Defendants' motion and supporting documentation, and Plaintiffs' response in opposition, the undersigned finds that Defendants' motion is due to be GRANTED. Accordingly, the undersigned RECOMMENDS that Defendants' motion be granted.

I.   Background Facts

Plaintiffs are property owners in Washington County, Alabama who filed the instant lawsuit alleging that Defendants operated a manufacturing facility which released chemicals onto their property, and thereby caused Plaintiffs' property value to be

diminished.  At the parties' request, the undersigned conducted a settlement conference on October 19, 2007, which was attended by counsel of record for the parties, Defendants' corporate representatives, and all of the named Plaintiffs, except Barbara Byrd.  Counsel for Ms. Byrd represented that while Ms. Byrd had not consented to a specific dollar amount, she gave her counsel full authority to resolve the litigation. (Doc. 573, Ex. 3).  The parties reached a settlement of the case (Doc. 575 Ex. 2), and on October 19, 2007, District Judge William Steele  entered an Order dismissing case, and providing the parties with thirty days in which to consummate their agreement or seek to reopen the case. (Doc. 563).  Subsequent thereto, Plaintiffs requested additional time in which to consummate the parties' agreement, and on December 19, 2007, Judge Steele issued an Order holding that the dismissal would become final on January 8, 2008, if no party filed a motion to reopen the case. (Doc. 571).

Defendants, on March 13, 2008, filed the instant motion seeking to enforce the terms of the settlement agreement (Doc. 575).  Specifically, Defendants requested that the Court direct Plaintiffs Reed, Byrd, Greer and McIntyre to execute the Receipt, Release, Indemnity and Confidentiality Agreement (hereinafter "Release") or in the alternative, enter an order holding that Plaintiffs are bound by the terms of the Release.  Plaintiffs filed a response in opposition, wherein they noted that with the

exception of Plaintiff Byrd, all of the other named Plaintiffs had since executed the Release. In their response, Plaintiffs acknowledge that their counsel had the requsite authority to settle the action on behalf of all the named Plaintiffs, including Byrd, and indicated that Byrd is not willing to execute the agreement until she knows how much money, if any, she will receive from the total settlement. Plaintiffs also assert that at the October 19th settlement meeting, they were lead to believe that Defendants would make a good faith effort to settle the remaining claims, and that they would engage in settlement negotiations in the near future; however, while Defendants attended a face to face settlement meeting regarding the remaining claims, they did not counter Plaintiffs' settlement demand. The undersigned takes judicial notice of the fact that the named Plaintiffs and others have filed another lawsuit, based on the above-referenced remaining claims, that is styled as <u>Abrams, et al v. Ciba Speciality Chemical Corp</u>., <i>et al</i>, Case No. 08-00068-WS-B, and is pending before this Court.

State law of contracts governs the construction and enforcement of settlement agreements. <u>Hayes v. National Serv. Ind.</u>, 196 F.3d 1252 (llth Cir. 1999); <u>Resnick, v. Uccello Immobilien GMBH, Inc.</u>, 227 F.3d 1347, 1350 n.4 (llth Cir. 2000). Federal courts also refer to state law principles when reviewing the scope of an attorney's authority to enter into a settlement agreement. <u>Hayes</u>, 196 F.3 at 1254. Under Alabama law, an attorney

3

cannot settle a client's case without express, special authorization from the client; however, it is not necessary for the client to agree to a particular amount. See Benitez v. Beck, 2003 Ala. Civ. App. LEXIS 532, No. 2020671, 2003 WL 217708 at 3 (Ala. Civ. App. Aug. 1, 2003); Lackey v. Cagle's Inc., No. CV-98-AR-667, 1998 WL 1037916 (N.D. Ala. Dec. 7, 1999).

In the case sub judice, Plaintiff Byrd does not assert that her counsel did not have full authority to settle this case, only that she should not have to sign the release until she knows if she will receive any amount in connection with the settlement of this litigation. The undersigned observes that counsel for the parties placed the substance of their settlement agreement on the record during the October 19, 2007 settlement conference, and a review of that record fails to reveal any agreement entitling Plaintiff Byrd to any amount, let alone any agreement that entitles her to delay execution of the Release until she learns how much she will receive. Additionally, based on the evidence presented, Plaintiff Byrd has failed to establish that Defendants have not acted in good faith in attempting to resolve the claims set forth in the Abrams litigation. Accordingly, the undersigned RECOMMENDS that Defendants' motion be GRANTED, and that Plaintiff Barbara Byrd be bound by the terms of the Release, attached as Ex. 1 to the Proposed Order (Doc. 578) submitted by Defendants.

The attached sheet contains important information regarding objections to the undersigned's report and recommendation.

DONE this the **15th** day of **April, 2008.**

_____/s/ Sonja F. Bivins_____
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)( c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.


                    _____/s/ SONJA F. BIVINS_____
                    UNITED STATES MAGISTRATE JUDGE